Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SAMO, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HAC Funding LLC,<br><br>Defendant. | Case No: **'25CV3150 BTM KSC**<br><br>CLASS ACTION COMPLAINT<br><br>JURY DEMAND |

### CLASS ACTION COMPLAINT

Plaintiff Joseph Samo ("Plaintiff") brings this class action against Defendant HAC Funding LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

///
///
///

1

Class Action Complaint

**PRELIMINARY STATEMENT**

1. The Supreme Court may have stated it best: "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls (and texts). The Federal Government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone." *Barr v. Am. Ass'n of Political Consultants* (2020) 140 S. Ct. 2335, 2343.

2. Telemarketing calls and texts are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991, 47 U.S.C. Section 227 ("TCPA").

3. Congress further passed the Do-Not-Call Implementation Act of 2003, 15 U.S.C. Section 6101 to allow people to register their phone numbers with the Federal Trade Commission.

4. The TCPA affords special protections for people who, like Plaintiff, are registered on the Do-Not-Call List.

5. The United States Court of Appeals for the Ninth Circuit held that "unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified." *Van Patten v. Vertical Fitness Grp.,* No. 14-55980, 2017 U.S. App. LEXIS 1591, at 12 (9th Cir. 2016) (citations omitted) (emphasis in the original).

6. Receiving unwanted telemarketing communications is a problem most people face in this country. According to online robocall tracking service "YouMail," 4.4 billion robocalls & texts were placed in December 2024 alone, at a stunning rate of about 140 million per day. www.robocallindex.com.

**NATURE OF THE ACTION**

7. This is a putative class action brought pursuant to the TCPA.

8. To promote its goods and services, Defendant engages in telemarketing text messages to phone numbers on the Do-Not-Call list.

2

Class Action Complaint

9. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct toward Plaintiff and the Class Members. Plaintiff also seeks statutory damages on behalf of himself and the Class Members, and any other available legal or equitable remedies.

## PARTIES

10. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of San Diego, California.

11. Defendant is a New York limited liability company with its headquarters located in Brooklyn, New York.

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successor, assigns, principals, trustees, sureties, representatives, vendors, and insurers of Defendant.

## JURISDICTION AND VENUE

13. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, as the action arises under the TCPA, 47 U.S.C. § 227.

14. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that is assigned to San Diego, California.

## FACTS

15. Plaintiff registered his phone number to the Do-Not-Call List, which disallows calls and texts messages without prior authorization.

16. Plaintiff never authorized or had a prior business relationship with Defendant.

17. On November 6, 2025, Defendant text messaged Plaintiff's cellular telephone the following solicitations:

Class Action Complaint

[Screenshot of text message from +1 (726) 567-9232, Today 12:09 PM: "Is your business looking to expand? We don't look at credit to see what's available. Reply with your email so we can work on this for you!" Reply: "josephsamo23@gmail.com" Response: "Great, I sent an email from david@hacfunding.com. Did you receive it? Please complete the application to get an offer!"]

18. As displayed by the above screenshots, the telephone solicitations were initiated on November 6, 2025 at 12:09 pm PST.
19. Overall, Defendant sent Plaintiff one unsolicited marketing text messages.
20. As demonstrated by the above screenshot, the purpose of Defendant's telephone solicitations was to advertise, promote, and/or market Defendant's property, goods, and/or services.
21. Plaintiff is the regular user of the telephone number that received the above solicitations.
22. Plaintiff utilizes the cellular telephone number primarily for personal purposes.

4
Class Action Complaint

23. Plaintiff's only purpose in responding to this illegal and unsolicited text message was for the purpose to identify who was unlawfully contacting Plaintiff. Plaintiff had no prior business relationship with Defendant in any way.

## STANDING

24. Standing is proper under Article III of the Constitution of the United States because Plaintiff's claims state (1) a valid injury in fact, (2) which is traceable to the conduct of Defendant, and (3) is likely to be redressed by a favorable judicial decision. See *Spokeo, Inc. v. Robins* (2016) 136 S.Ct. 1540, 1547.

## CLASS ALLEGATIONS

25. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent ("Class") is defined as:

> All persons in the United States who from four years prior to the filing of this action through the date of class certification, who listed their phone number on the Do-Not-Call List, were contacted by Defendant or anyone acting on Defendant's behalf.

26. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

27. Defendant and their employees or agents are excluded from the Class.

## NUMEROSITY

28. Upon information and belief, Plaintiff believes the number of members in the Class are in the several thousand. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

29. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

30. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a. Whether Defendant initiated solicitation text messages to persons who listed their phone numbers with the Do-Not-Call List.

b. Whether Defendant is liable for damages, and the amount of such damages.

31. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely contacts persons whose number is listed with the Do-Not-Call List, Plaintiff and Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

32. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF CLASS MEMBERS

33. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

34. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

35. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be

dispositive of the interests of the Class, although certain Class members are not parties to such actions.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. Section 227 et seq.
## (On Behalf of Plaintiff and the Class)

36. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.
37. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including 47 U.S.C Section 227 et seq., and implementing regulation 47 C.F.R. Section 64.1200(c)..
38. As a result of Defendant's negligent violations of the law, Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. Section 227(c)(5).
39. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. Section 227 et seq.
## (On Behalf of Plaintiff and the Class)

40. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.
41. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including 47 U.S.C. Section 227 et seq., and implementing regulation 47 C.F.R. Section 65.1200(c).
42. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. Section 227(c)(5).
43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and members of the Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Class and defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class counsel;

b. An award of statutory damages for Plaintiff and each member of the Class as applicable under the TCPA;

c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

d. An injunction requiring Defendant to comply with 47 C.F.R. 64.1200(c)(1);

e. An award of attorney fees, costs, and interest, as allowed by applicable law; and

f. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and members of the Class hereby demand a trial by jury.

Date:  November 14, 2025

**SWIGART LAW GROUP, APC**

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

8

Class Action Complaint